UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **CEDAR POINT COUNTRY CLUB, LLC** : : *Plaintiff*, : : v. : : **UNITED STATES CITIZENSHIP AND** : **IMMIGRATION SERVICES** : : *Defendant*. : | Civil Action No. 2:21-cv-_____ |

## COMPLAINT FOR JUDICIAL REVIEW OF DENIAL OF PETITION FOR A NONIMMIGRANT WORKER (O-1A)

Cedar Point Country Club, LLC ("CPCC"), by counsel, complains against the United States Citizenship and Immigration Services ("USCIS"), as follows:

1. This is an action for judicial review of (a) the June 5, 2020 decision of the USCIS, EAC-20-009-51132, which denied a petition by CPCC to continue employing a nonimmigrant, Jan Talian, in category O-1A, and (b) the April 5, 2021 decision of the Administrative Appeals Office ("AAO") of the United States Citizenship and Immigration Services, which dismissed the Appeal and reaffirmed the June 5, 2020 decision.

### JURISDICTION

2. The United States District Court has jurisdiction of this action under 28 U.S.C. § 1331.

### THE PARTIES

3. Cedar Point Country Club, LLC is a Virginia Limited Liability Company with principal place of business is Suffolk, Virginia. Cedar Point Country Club was founded in 1964 and is a premiere country club in Southeast Virginia.

4. The United States Citizenship and Immigration Service is part of the United States Department of Homeland Security.

5. Tracy Renaud is the Acting Director of the United States Citizenship and Immigration Services.

6. On July 30, 2021. U.S. Secretary of Homeland Security Alejandro N. Mayorkas announced that Ur Mendoza Jaddou was confirmed by the U.S. Senate as the Director of USCIS; this confirmation had not been updated on the USCIS official government page as of the date of the filing of this Complaint.[1]

7. Jan Talian is a citizen of the Czech Republic and the intended Beneficiary of the O-1 Petition filed by Cedar Point Country Club, LLC.

## VENUE

8. The Eastern District of Virginia, Norfolk Division, is a proper venue for this action under 28 U.S.C. § 1391(e), because the plaintiff resides in the district and no real property is involved in this action.

## FACTUAL ALLEGATIONS - PROCEEDINGS BEFORE U.S.C.I.S.

9. On January 21, 2020, CPCC filed its petition for nonimmigrant worker for Jan Talian in category O-1, Receipt # EAC-20-099-51132, requesting an extension of O-1 status and extension of stay to continue the same employment which was previously approved on May 11, 2016 [Receipt # EAC-16-154-53619] and extended on [May 11, 2019] [Receipt # EAC-19-155-52890]. Copies of the Approval Notices are attached hereto as **Exhibit A** and **Exhibit B**.

---

[1] https://www.dhs.gov/news/2021/07/30/statement-secretary-mayorkas-confirmation-ur-mendoza-jaddou-director-uscis (as of August 1, 2021).

10. Jan Talian has previously been recognized as an alien with extraordinary ability in athletics pursuant to INA Section 101(a)(15)(O)(i), 8 U.S.C. §1101(a)(15)(O)(i) with New Canaan Field Club for the period from May 1, 2005 to April 30, 2018 (Receipt # EAC-05-116-53087), Ferris State University for the period of August 18, 2006 to August 14, 2007 (Receipt # WAC-06-249-51818), NetResults Management, LLC from May 18, 2007 to May 15, 2010 (Receipt # EAC-07-159-53828), Raising A Racquet, LLC from May 14, 2009 to May 10, 2012 (Receipt # EAC-09-157-52354), and extended from May 11, 2013 to May 10, 2014 (Receipt # EAC-13-148-54725), May 11, 2014 to May 10, 2015 (Receipt # EAC-14-148-54479) and May 11, 2015 to May 10, 2016 (Receipt # EAC-15-154-52567). Copies of these O-1 approval notices are attached hereto as **Exhibit C through Exhibit I**.

11. The O-1 category is named for Immigration and Nationality Act (INA) Section 101(a)(15)(O)(i), 8 U.S.C. § 1101(a)(15)(O)(i), which provides in part:

(15) The term "nonimmigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens –
…
    (O) an alien who:

        (i) has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim … and seeks to enter the United States to continue work in the area of extraordinary ability or …

12. For extensions of O-1 status with the same petitioner, beneficiary, and position, the INA provides that "supporting documents are not required unless requested by the Director." 8 C.F.R. § 214.2(o)(11).

13. On October 23, 2017, USCIS issued Policy Memo (PM-602-0151) which set forth new guidance that even extension petitions for the same employer, position, and beneficiary

that was previously approved by USCIS would be reviewed to determine eligibility for the benefit sought.

14. Thus, CPCC included the supporting documentation previously submitted with the May 2016 initial petition by CPCC with the May 2019 extension, which was approved following review by USCIS, notably after the October 23, 2017 policy memo went into effect.

15. When CPCC sought a further extension for the period beginning May 11, 2020, CPCC again submitted all of the evidence that was submitted with the 2016 petition and the 2019 extension – both of which were approved by USCIS for the same petitioner, beneficiary, and position – along with additional evidence establishing the Beneficiary's extraordinary ability.

16. On March 30, 2020, USCIS issued a Request for Evidence (RFE) requesting additional evidence of the Beneficiary's extraordinary ability. The RFE conceded that the Petitioner had satisfied the criteria that the Beneficiary was employed in a leading or critical role with an organization having a distinguished reputation (Seventh Criterion), but claimed that the Beneficiary had not satisfied any of the other required criteria as set forth in the RFE, including receipt of nationally or internationally recognized prizes or awards showing excellence in the field of endeavor (First Criterion); membership in organizations in the field of endeavor that require outstanding achievements of its members (Second Criterion); published material about the Beneficiary (Third Criterion); original business-related contributions of major significance in the field of endeavor (Fifth Criterion). CPCC responded to the RFE with additional evidence, including

a. Evidence of the significance of the National Collegiate Athletic Association (NCAA) on the national and international level, since USCIS failed to recognize that the NCAA's significance in the field of athletics

b. Evidence of the significance of U.S. collegiate tennis on the national and international level in the sport of tennis and the tennis industry

c. Evidence of the significance of Jan Talian's awards as a collegiate tennis player and national and international recognition of such awards as evidence of extraordinary ability in tennis

d. Evidence of Jan Talian's original business-related contributions of major significance in the field and, while USCIS may have determined that Mr. Talian's work in Suffolk, Virginia is insignificant, the evidence presented demonstrates that Suffolk and its tennis community, in particular, consider Mr. Talian's contributions to be extremely significant and important to the outright continued existence of the tennis industry in the city

e. Evidence of the significance of Mr. Talian's certification as an Elite Professional with the U.S. Professional Tennis Association (USPTA) and how the requirements for reaching this certification make him one of the few at the very top of his field

f. Evidence of the significance of Mr. Talian's certification as a Master Racquet Technician (MRT) by the U.S. Racquet Stringers Association, including a letter from David Bone, the President of the USRSA, stating that only 407 out of more than 7000 members attain this certification level and attesting to the significance of the MRT certification for tennis professionals

a. Evidence of the significance of the National Collegiate Athletic Association (NCAA) on the national and international level, since USCIS failed to recognize that the NCAA's significance in the field of athletics

b. Evidence of the significance of U.S. collegiate tennis on the national and international level in the sport of tennis and the tennis industry

c. Evidence of the significance of Jan Talian's awards as a collegiate tennis player and national and international recognition of such awards as evidence of extraordinary ability in tennis

d. Evidence of Jan Talian's original business-related contributions of major significance in the field and, while USCIS may have determined that Mr. Talian's work in Suffolk, Virginia is insignificant, the evidence presented demonstrates that Suffolk and its tennis community, in particular, consider Mr. Talian's contributions to be extremely significant and important to the outright continued existence of the tennis industry in the city

e. Evidence of the significance of Mr. Talian's certification as an Elite Professional with the U.S. Professional Tennis Association (USPTA) and how the requirements for reaching this certification make him one of the few at the very top of his field

f. Evidence of the significance of Mr. Talian's certification as a Master Racquet Technician (MRT) by the U.S. Racquet Stringers Association, including a letter from David Bone, the President of the USRSA, stating that only 407 out of more than 7000 members attain this certification level and attesting to the significance of the MRT certification for tennis professionals

    g. Additional evidence showing the national and international significance of the MRT certification in tennis

17. On June 5, 2020, USCIS denied the nonimmigrant visa petition and extension of stay. A copy of the decision of the Director of the Vermont Service Center is attached hereto as **Exhibit J**. The Director dismissed wholesale all of the awards received by Mr. Talian as a tennis player because collegiate tennis "competitions are received for college athletes." (Ex. H, p. 4) By this logic, a Heisman Trophy would not satisfy the requirement for receipt of a qualifying award to establish a football player's extraordinary ability, nor would coaching a college team to a national championship constitute evidence of extraordinary ability as a coach. Collegiate athletics are recognized nationally and internationally as being of vital importance and dismissing all collegiate accomplishments is error.

18. In the June 5, 2020 denial, USCIS further dismissed Mr. Talian's certification as a USPTA Elite Professional and as a Master Racquet Technician (MRT) by the USRSA simply because the organizations offer a basic membership for payment of a fee despite the fact that the certifications awarded to Mr. Talian require far more than simply paying a fee. The evidence submitted clearly established that the Elite Professional and MRT certifications are reserved for those at the very top of their field.

19. In its denial letter, USCIS disregards the numerous letters and testimonials with specific evidence of Mr. Talian's original contributions to tennis, including organizing numerous tournaments, charity events, and generating significant excitement and discussion about tennis in the region. USCIS acknowledges that the testimonials state that Mr. Talian has made significant contributions to the field of endeavor but then disregards those

testimonials – which expand further on testimonials submitted with the previous O-1 petitions (which was approved).

20. On July 2, 2020, CPCC filed a Notice of Appeal to the Administrative Appeals Office and submitted its brief in support within 30 days as permitted.

21. CPCC's brief in support of its appeal included additional information of Mr. Talian's extraordinary ability, which the AAO declined to consider but which becomes part of the administrative record for this Court's review. CPCC's I-290B Appeal is attached hereto as **Exhibit K** and the brief in support is attached hereto as **Exhibit L** (the referenced exhibits are part of the administrative record to be submitted by the Respondent).

22. On July 15, 2020, CPCC filed Form I-140 Petition for Immigrant Worker for the same Beneficiary, Jan Talian, for the same position of Director of Tennis, which was approved on July 28, 2020 under the employment first-preference (EB-1) category, finding that the Beneficiary met the requirements for the EB-1 classification, namely, that of an Alien of Extraordinary Ability in Athletics, which is a heightened standard over the O-1A nonimmigrant classification. The EB-1 Approval Notice is attached hereto as **Exhibit M**.

23. On April 5, 2021, the Administrative Appeals Office dismissed CPCC's appeal. A copy of the decision of the Administrative Appeals Office is attached hereto as **Exhibit N**.

## ARGUMENT

24. The June 5, 2020 and April 5, 2021 decisions of USCIS (and the AAO) are "arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law." 5 U.S.C. § 706(2)(A).

25. The decision of USCIS is "arbitrary, capricious, an abuse of discretion, or not in accordance with the law" because CPCC, on a fair reading of the record, met its burden

of proof that the Beneficiary, Jan Talian, is "an alien who … has extraordinary ability in … athletics which has been demonstrated by sustained national or international acclaim … and seeks to enter the United States to continue work in the area of extraordinary ability." INA § 101(a)(15)(O)(i) and 8 U.S.C. § 1101(a)(15)(O)(i).

26. The decision of USCIS is "arbitrary, capricious, an abuse of discretion, and not in accordance with the law" because it is inconsistent with USCIS's own decisions both prior to and subsequent to the June 5, 2020 denial; to wit: USCIS found that the Beneficiary, Jan Talian, was an alien of extraordinary ability in athletics (tennis) eight (8) times prior to the 2020 O-1 extension petition and finding that Jan Talian was still an alien of extraordinary ability in athletics (tennis) under the employment, first preference (EB-1) classification subsequent to the O-1 extension denial.

27. The decision of USCIS is "arbitrary, capricious, an abuse of discretion, and not in accordance with the law" by disregarding evidence previously held to be sufficient for demonstrating that Mr. Talian was an alien of extraordinary ability in athletics (tennis).

28. For USCIS to approve each of the eight nonimmigrant petitions for the Beneficiary in O-1 status, including two prior approvals for the Beneficiary by this Petitioner for the same position, the petitioners had to show by a preponderance of the evidence that the Beneficiary was an alien of extraordinary ability in athletics (tennis). Subsequent to the O-1 denial that is the subject of this complaint, the same Petitioner (CPCC) petitioned for the same Beneficiary (Jan Talian), in the same position (Director of Tennis) under the employment, first-preference (EB-1) classification, which was approved. USCIS's arbitrary denial of CPCC's nonimmigrant petition contradicts its eight prior approvals and subsequent approval in the heightened EB-1 classification.

29. USCIS recognizes in its own guidance that the EB-1 immigrant classification is a higher standard than the O-1 nonimmigrant classification. Pursuant to USCIS's own Policy Manual on *immigrant* petitions for aliens of extraordinary ability, when "Evaluating Petitions Filed on Behalf of O-1 Nonimmigrants" for classification (emphasis added):

> An officer might encounter a case where a petition is filed on behalf of a person who was previously classified as an O-1 nonimmigrant with extraordinary ability … Though the prior approval of an O-1 petition may be a relevant consideration in adjudicating an immigrant petition for a person with extraordinary ability, it is not determinative. *Eligibility as an O-1 nonimmigrant does not automatically establish eligibility for immigrant extraordinary ability classification.*
>
> … some courts have asked USCIS to provide an explanation as to why, if the person had previously been classified in a roughly analogous nonimmigrant category, USCIS has determined that the person is not eligible for classification in the employment-based immigrant visa classification in question.
>
> For this reason, where possible, officers issuing denials in such cases should provide a brief discussion as to why, notwithstanding the previous O-1 nonimmigrant visa petition approval, the petitioner has failed to meet its burden to establish the beneficiary's eligibility for approval of the immigrant petition for classification as a person with extraordinary ability.

USCIS Policy Manual, Volume 6, Part F, Chapter 2 (emphasis added).

30. Thus, USCIS's own adjudication of the Beneficiary, Jan Talian, as having extraordinary ability in athletics under the heightened EB-1 standard as of July 28, 2021, further demonstrates the arbitrary and capricious denial of CPCC's petition for extension of this same beneficiary's O-1 classification less than two months prior, after eight prior approvals.

31. In <u>Fogo de Chao (Holdings) Inc. v. U.S. Dept. of Homeland Sec.</u>, the U.S. Court of Appeals for the District of Columbia reasoned that although prior approval by USCIS

does not create an automatic entitlement to the approval of a subsequent petition with similar facts, 769 F.3d 1127, 1144 (D.C. Cir. 2014) (citing to <u>Royal Siam Corp. v. Chertoff</u>, 484 F.3d 139, 148 (1st Cir. 2007)), "a pattern of visa grants of sufficient magnitude could obligate the agency to provide a 'reasoned explanation for … treating similar situations differently[.]'" <u>Fogo de Chao (Holdings) v. United States Dept. of Homeland Sec.</u>, 769 F.3d 1127, 1144 (D.C. Cir. 2014 (citing to <u>ANR Pipeline Co. v. FERC</u>, 71 F.3d 897, 901 (D.C. Cir. 1995)). In the present case, USCIS has a pattern of approvals for not just a *similar* situation but the *same* situation. Thus, USCIS's decision to deny CPCC's petition in this case was arbitrary and capricious.

32. In the present case, USCIS ignored its eight prior approvals for the same Beneficiary in the same or similar position, including two prior approvals for the same Petitioner, same Beneficiary, and same position on the basis that the Beneficiary somehow lost his extraordinary ability but then regained it for his immigrant petition that was filed within two months of the O-1 denial. The denial of CPCC's O-1 petition under these circumstances is the very definition of "arbitrary and capricious."

33. USCIS's denial of CPCC's nonimmigrant visa petition constitutes a final agency action under the APA, 5 U.S.C. § 704. While not required for purposes of exhaustion of administrative remedies, CPCC appealed the denial to the AAO with additional evidence, which is now part of the record before this Court.

34. Under 5 U.S.C. §§ 702 and 704, the Plaintiff has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## CAUSE OF ACTION

## COUNT I

## ADMINISTRATIVE PROCEDURE ACT VIOLATION (5 U.S.C. § 706)

35. CPCC incorporates the allegations set forth in the preceding paragraphs.

36. USCIS's denial of CPCC's nonimmigrant visa petition (O-1) and request for extension of stay for the Beneficiary, Jan Talian, constitutes a final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

37. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the administrative record.

38. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and 5 U.S.C. § 204, a party prevailing in a civil action against the United States or an Agency thereof is entitled to an award of its attorney's fees and costs incurred in bringing the lawsuit.

## REQUEST FOR RELIEF

Wherefore, Cedar Point Country Club, LLC (CPCC) respectfully requests that this Court grant the following relief:

1. Declare USCIS's denial of CPCC's nonimmigrant visa petition is arbitrary and capricious, an abuse of discretion, not in accordance with the law;

2. Vacate the denial and order USCIS to promptly approve CPCC's nonimmigrant visa petition and extension of stay for the Beneficiary;

3. Award CPCC its attorney's fees and costs in this action pursuant to the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems appropriate and just.

Dated: August 3, 2021

**CEDAR POINT COUNTRY CLUB, LLC**

By: ___/s/ Anne C. Lahren_____

Anne C. Lahren, Esq.
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Cedar Point Country Club*